**UNITED STATES, Appellee,**

v.

**Staff Sergeant Timothy K. PREVATTE, Sr., 237–80–4251, United States Army, Appellant.**

**ACMR 9201387.**

U.S. Army Court of Military Review.

March 24, 1993.

For Appellant: Captain Robin N. Swope, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of sodomy with a child under the age of sixteen and indecent acts with a male under the age of sixteen, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982). He was sentenced to a dishonorable discharge, confinement for eight years, and reduction to Private E1. Complying with a pretrial agreement, the convening authority reduced the confinement to five years, but otherwise approved the sentence.

■ Appellant asserts that the military judge committed plain error by allowing expert witnesses to testify to the effects of sexual abuse on children in general and allowing a recommendation of incarceration for the appellant. We disagree and affirm.

During the sentencing phase of the trial, three expert witnesses testified for the government. Appellant's assertion of error relates to two of the experts.

Lieutenant Colonel (Dr.) Cooper, Chief of Pediatrics, Womack Army Medical Center, was qualified and accepted as an expert in developmental pediatrics. Appellant objected to her testifying because "she has no knowledge or evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the ·accused has been found guilty." He contended that she had never interviewed or spoken to appellant or the victim and was only going to talk about child abuse in general. The prosecution contended that Dr. Cooper would testify on victim impact, based upon the review of the stipulation of fact in the case and a review of the victim's therapist's records. In permitting her to testify, the military judge held that the objection went to the weight of her testimony and not to her qualifications. After reviewing the stipulation of fact, she testified to her diagnosis of several potential psychological problems of the child-victim. Those long-term problems included gender identity disorder, obsessive/compulsive disorder, attention deficit disorder, depressive disorder, disassociative disorder, borderline personality disorders, multiple personality disorders, and substance abuse. Based upon the stipulation of fact, Dr. Cooper testified that this child victim has an extremely high chance of having long-term psychological problems.

Dr. Cooper testified that, among certain therapies most beneficial to the victim, the establishment of a safe environment was the most important, because unless the victim felt safe, all subsequent methods of therapy would be less effective. According to Dr. Cooper, this would require appropriate separation of the child from the perpetrator for at least one to two years. Appropriate separation could mean complete separation. A reading of the stipulation of fact led Dr. Cooper to conclude that appropriate separation of the child and the victim had not occurred in this case. In answer to a question posed by the prosecution, she stated that there would be therapeutic value to the child if appellant was incarcerated. There was no objection by trial defense counsel.

Captain (Dr.) Glenn, Chief Psychologist, United States Disciplinary Barracks, Fort Leavenworth, Kansas, was qualified and accepted as an expert in the identification and treatment of child sex offenders. Appellant objected to him testifying "as not really having any evidence concerning the circumstances directly related to or resulting from offenses of which the accused has been found guilty of [sic]. In addition, it appears his testimony would be cumulative." Although Dr. Glenn had not interviewed the victim or appellant, he testified based upon the stipulation of fact. He also was permitted to sit in the court room during the providence inquiry to provide a greater basis for his testimony. The mili-

tary judge permitted his testimony, stating to the trial counsel that he "may enter areas that you indicated he would be able to cover concerning the stipulation of fact and the definition of pedophile and whether or not the accused fits that particular model and then we'll see about the other areas." Dr. Glenn testified that, in his opinion, appellant suffers from pedophilia, severe, non-exclusive type. Dr. Glenn's explanation of his opinion takes several pages of the record of trial. He was then asked his opinion of appellant's rehabilitation potential. He testified that appellant's rehabilitation potential was high, provided certain factors were present. One of those factors was some form of confinement with treatment. He testified that the length of such programs ranged from twenty-six weeks to one year. Absent this type of treatment, he testified the probability of "reoffense" is very high. There was no objection to this testimony concerning confinement.

Before sentencing, trial defense counsel argued for no confinement. He also argued, "Even the government's witness which [sic] is advocating confinement says he can be successfully rehabilitated in a 24 week to 12 month treatment program."

▮ Experts may present background testimony about a science or discipline which helps the factfinders understand the facts at issue, even though the experts may know nothing about the facts of the case. *United States v. Johnson*, 35 M.J. 17, 18 (C.M.A.1992). Other experts may have knowledge of or have examined the accused and have useful information and observations about the accused and a particular issue. *Id.* They can testify to their conclusions. *Id.* Assuming that an expert is qualified, the testimony must be relevant, helpful, reliable, and its probative value must substantially outweigh the danger of unfair prejudice. Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 401, 403, 702, and 704. The proponent must show that the testimony is relevant and helpful. *United States v. Gibson*, 24 M.J. 246, 253 (C.M.A.1987). Thus, an expert has been permitted to testify after reading the stipulation of fact. *United States v. Snodgrass*, 22 M.J. 866, 868–69 (A.C.M.R.1986). Where an expert witness' testimony exceeds the bounds set by the military judge, failure to object waives the issue, absent plain error. *Johnson*, 35 M.J. at 22. Plain error is obvious, substantial, and must have had an unfair prejudicial impact on the jury's deliberations. *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A. 1986). The doctrine is used to rectify errors which seriously affect the fairness, integrity, or public reputation of the trial. *Id.* It is used sparingly, limited to cases where a miscarriage of justice would otherwise result. *Id.*

In the case before us, we agree with the military judge that the witnesses qualified as experts in their fields. Their testimony was relevant, helpful, and the probative value outweighed any danger of unfair prejudice. Even assuming that their testimony exceeded the boundaries set by the military judge, there was no objection to the testimony concerning the need to confine appellant. Considering that appellant's trial was by military judge alone, that trial defense counsel argued that any confinement adjudged should be limited to the relatively short periods recommended by the experts, and the entire record, we find no plain error. Any objection to recommendations for incarceration of the appellant was waived.

The remaining assertions of error to include those personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.