**30**

UNITED STATES, Appellee,

v.

Kevin R. ROBINSON, Captain
U.S. Army, Appellant.

No. 67,906.
CMR 9002130.

U.S. Court of Military Appeals.

Submitted May 25, 1993.

Decided Sept. 27, 1993.

For Appellant: *Colonel Malcolm H. Squires, Jr., Captain Paul H. Turney,* *Captain Robert Lane Carey* (on brief); *Colonel Robert B. Kirby and Captain Robin N. Swope.*

For Appellee: *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Joseph C. Swetnam, Captain Jane F. Polcen* (on brief); *Captain Marcus A. Brinks.*

PER CURIAM:

In June and July of 1990 appellant was tried by a panel of officer members sitting as a general court-martial at Fort Benning, Georgia. Contrary to his pleas, he was found guilty of attempted larceny, larceny, and conduct unbecoming an officer (two specifications), in violation of Articles 80, 121, and 133, Uniform Code of Military Justice, 10 USC §§ 880, 921, and 933, respectively. He was sentenced to dismissal, confinement for 2 years, total forfeitures, and a $2,000 fine (with provision for 6 months' additional confinement if the fine was not paid). On April 4, 1991, the convening authority approved the sentence. On February 28, 1992, the Court of Military Review affirmed the findings and sentence in an unpublished opinion.

We granted appellant's petition for review on the following question of law:

WHETHER THE MILITARY JUDGE ERRED BY IMPROPERLY INSTRUCTING THE PANEL MEMBERS THAT PROOF BEYOND REASONABLE DOUBT MEANS PROOF TO A MORAL CERTAINTY INSTEAD OF AN EVIDENTIARY CERTAINTY AS REQUIRED BY *CAGE V. LOUISIANA,* 498 U.S. 39 [111 S.Ct. 328, 112 L.Ed.2d 339] (1990).

We hold that appellant has failed to show that the findings instructions challenged for the first time on appeal constituted plain error. *See United States v. Fisher,* 21 MJ 327 (CMA 1986); *see generally United States v. Olano,* —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Appellant argues that the military judge's findings instructions were constitutionally deficient because "equating reasonable doubt to moral certainty [meant that] the military judge's explanation incorrectly defined the standard and thus deprived CPT Robinson of a fair trial." Final Brief at 5. The military judge instructed the members as follows:

You are further advised that, first of all, that the accused is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt. Secondly, if there is a reasonable doubt as to the guilt of the accused, that doubt must be resolved in favor of the accused and he must be acquitted. Lastly, the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the government. The burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of each offense. *By reasonable doubt is intended not a fanciful or ingenious doubt or conjecture but an honest, conscientious doubt suggested by the material evidence or lack of it in the case. It is an honest misgiving caused by insufficiency of proof of guilt. Proof beyond reasonable doubt means proof to moral certainty although not necessarily an absolute or mathematical certainty.* The proof must be such as to exclude every fair and rational hypothesis except that of guilt. The rule as to reasonable doubt extends to every element of the offense although each particular fact advanced by the prosecution which does not amount to an element need not be established beyond a reasonable doubt. An example of that would be motive. Motive is something the government may try to prove in the case to show why a person may or may not have committed an offense, but it's not an element of an offense and need not be established beyond a reasonable doubt. However, if on the whole evidence you are satisfied beyond a reasonable doubt to the truth of each and every element, then you should find the accused guilty.

You should bear in mind that only matters properly before the court as a whole should be considered. And in weighing and evaluating the evidence, you are expected to utilize your own common sense, your knowledge of human nature and the ways of the world. In light of all circumstances in the case, you should consider the inherent probability or improbability of the evidence.

(Emphasis added.)

In reaching its conclusion that these instructions in no way violated the Due Process Clause of the Constitution, the Court of Military Review held:

[T]he instructions on findings, taken as a whole, with frequent references by the military judge on the evidence vis-a-vis reasonable doubt, together with instructions on the presumption of innocence, make it clear that there was no reasonable likelihood that the court members applied the challenged instruction in a way that violates the due process clause of the Constitution. *See Estelle v. McGuire*, [— U.S. —, —, 112 S.Ct. 475, 482, 116 L.Ed.2d 385] (1991).... We are confident that the members' understanding of reasonable doubt was based on evidentiary certainty.

Unpub. op. at 2.

---

■ At the outset, we note that the Court of Military Review correctly observed that there was no defense objection at trial to the military judge's instructions on reasonable doubt. Thus, appellant's post-trial challenge must be reviewed under the plain-error doctrine. *See United States v. Fisher*, 21 MJ 327 (CMA 1986); RCM 920(f), Manual for Courts–Martial, United States, 1984. *See generally United States v. Olano*, — U.S. —, 113 S.Ct. 1770 (1993). In this more demanding light he has failed to establish his entitlement to relief. *See generally Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). ("It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no

objection has been made in the trial court.")

■ The plain-error doctrine requires, *inter alia*, not only that error occur but also that such an error be "plain," that is "clear" or "obvious." *United States v. Olano,* — U.S. at —, 113 S.Ct. at 1777. In *Cage v. Louisiana, supra,* the Court found a jury instruction was erroneous because it expressly defined reasonable doubt as "grave uncertainty" and an "actual substantial doubt." The Court found the possibility of misunderstanding by the jurors was heightened where these terms were considered in conjunction with the words "moral certainty," rather than the more precise language of "evidentiary certainty." * *Cage v. Louisiana,* 498 U.S. at 41, 111 S.Ct. at 329.

■ In appellant's case, the now-challenged instructions did not contain the "grave uncertainty" or "actual substantial doubt" language denounced in *Cage.* Moreover, the military judge instructed the jury that "[p]roof beyond a reasonable doubt means *proof* to moral certainty...." (Emphasis added.) Thus, his instruction

was not "misleading in that it allows a juror to base a finding of guilt upon a subjective feeling rather than upon an evaluation of the evidence." *See State v. Manning,* 305 S.C. 413, 409 S.E.2d 372, 374 (1991). Accordingly, no error in these instructions occurred under *Cage v. Louisiana, supra.*

In any event, we need not decide today whether the challenged instructions in this case violated the Due Process Clause of the Constitution. As noted above, these instructions were not substantially the same as those found defective in *Cage v. Louisiana, supra.* Cf. *United States v. Polan,* 970 F.2d 1280, 1286 (3d Cir.1992). Moreover, no other authority has been cited to this Court by appellant which expressly condemns the particular instructions given in his case. *See United States v. Olano,* — U.S. at —, 113 S.Ct. at 1777. Accordingly, he simply has not shown that any instructional error which may have occurred at his trial was plain. *See United States v. Eady,* 35 MJ 15 (CMA 1992).

The decision of the United States Army Court of Military Review is affirmed.

---

* The instruction provided in relevant part:

> If you entertain a reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your duty to give him the benefit of that doubt and return a verdict of not guilty. Even where the evidence demonstrates a probability of guilt, if it does not establish such guilt beyond a reasonable doubt, you must acquit the accused. This doubt, however, must be a reasonable one; that is one that is founded upon a real tangible substantial basis and not upon mere ca-
>
> price and conjecture. *It must be such doubt as would give rise to a grave uncertainty,* raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty.*
>
> *Cage v. Louisiana,* 498 U.S. 39, 40, 111 S.Ct. 328, 329 (1990).