UNITED STATES, Appellee

v.

Timothy K. PREVATTE Sr., Staff
Sergeant, U.S. Army,
Appellant.

No. 93–0936/AR.
CMR No. 9201387.

U.S. Court of Military Appeals.

Argued April 19, 1994.

Decided Sept. 20, 1994.

For Appellant: *Captain Victor A. Tall* (argued); *Lieutenant Colonel James H. Weise and Major Fran W. Walterhouse* (on brief); *Colonel Stephen D. Smith and Captain Robert Lane Carey.*

For Appellee: *Captain Glenn L. Kirschner* (argued); *Colonel Dayton M. Camer and Major James L. Pohl* (on brief); *Major Joseph C. Swetnam.*

---

*Opinion of the Court*

SULLIVAN, Chief Judge:

During May and June of 1992, appellant was tried by a military judge sitting alone as a general court-martial at Fort Bragg, North Carolina. Pursuant to his pleas, he was found guilty of sodomy with a child under the age of 16 and committing indecent acts with a child under the age of 16, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 8 years, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority, on Au-

gust 17, 1992, approved only so much of the sentence as provided for a dishonorable discharge, confinement for 5 years, and reduction to Private E1. On March 24, 1993, the Court of Military Review affirmed the findings and the approved sentence. 36 MJ 1075.

On August 9, 1993, review was granted by this Court on the following issue:

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR BY ALLOWING EXPERT WITNESSES TO RECOMMEND INCARCERATION FOR APPELLANT.

We hold that the military judge did not commit plain error when he allowed these two government witnesses to testify to matters supporting appellant's confinement. *See United States v. Robinson*, 38 MJ 30 (CMA 1993).

The facts giving rise to the granted issue are fully recounted in the opinion of the Court of Military Review. 36 MJ at 1076–77. The controversy in this case centers around the testimony of two expert witnesses Lieutenant Colonel (LTC) Cooper, Chief of Pediatrics, Womack Army Medical Center and Captain Glenn, Chief Psychologist, United States Disciplinary Barracks, Fort Leavenworth, Kansas. These doctors were qualified as experts in developmental pediatrics and identification and treatment of child sex offenders, respectively.

Appellant objected to LTC Cooper's testimony because he said that she had "no knowledge or evidence" of the circumstances of his case. In allowing her to testify, the military judge said that objection went to the weight of her testimony, not to her qualifications. LTC Cooper then proceeded to discuss "several potential psychological problems of the child-victim." She finally "stated

that there would be therapeutic value to the child if appellant was incarcerated." 36 MJ at 1076. Defense counsel had no objection to this testimony.

Captain Glenn's testimony was objected to on the grounds that he did not have any evidence directly relating to the offenses. The military judge allowed the testimony, stating that the witness may enter areas governed by the stipulation of fact and into areas of which he is knowledgeable. Captain Glenn then proceeded to testify about appellant's rehabilitation potential, saying it was "high, provided certain factors were present. One of those factors was some form of confinement with treatment." 36 MJ at 1077. Counsel did not object to the testimony concerning confinement.

- - -

■ At the outset we note that the testimony of the two government expert witnesses was not objected to at trial by defense counsel. *See* Mil.R.Evid. 103(a)(1), Manual for Courts–Martial, United States, 1984. This failure to object to evidence at the trial level constituted a forfeiture of the objections to admission of such evidence * in the absence of plain error. *See United States v. Jones*, 37 MJ 321, 323 (CMA 1993); *United States v. Toro*, 37 MJ 313 (CMA 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994); *United States v. Fisher*, 21 MJ 327 (CMA 1986). Plain error requires, at the very least, that there be an error; it is plain; and it affects a substantial right of the accused, *i.e.*, it was prejudicial.

■ Appellant in the case before us claims that "the military judge committed plain error" when he allowed two expert witnesses, in the course of their testimony, "to recommend incarceration for appellant." He relies

---

* Absent a prohibition in the RCM 1000 series, Manual for Courts–Martial, United States, 1984, this Court has held that the analytical model for admissibility of expert testimony is set forth in *United States v. Houser*, 36 MJ 392, 397(CMA), *cert. denied*, —— U.S. ——, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993); and *United States v. Combs*, 39 MJ 288, 290–91 n. 1 (CMA 1994), applies and requires the following:

(A) the qualifications of the expert, Mil.R.Evid. 702; (B) the subject matter of the expert testi-

mony, Mil.R.Evid. 702; (C) the basis for the expert testimony, Mil.R.Evid. 703; (D) the legal relevance of the evidence, Mil.R.Evid. 401 and 402; (E) the reliability of the evidence, *United States v. Gipson*, 24 MJ 246 (CMA 1987), and Mil.R.Evid. 401; and (F) whether the "probative value" of the testimony outweighs other considerations. Mil.R.Evid. 403....

on this Court's decision in *United States v. Ohrt*, 28 MJ 301, 304–05 (1989), which said:

[A] witness ... should not be allowed to express an opinion whether an accused should be punitively discharged. The question of appropriateness of punishment is one which must be decided by the court-martial; it cannot be usurped by a witness....

We reject appellant's argument.

Initially we note that the two doctors did not directly or expressly recommend incarceration for appellant. Instead they proffered reasons in their opinions which would justify or support a decision to incarcerate. LTC Cooper's testimony about the potential psychological problems of the child-victim absent incarceration of the perpetrator might be considered an aggravating circumstance within the meaning of RCM 1001(b)(4), Manual, *supra*. *See United States v. Holt*, 33 MJ 400, 408 (CMA 1991). Likewise, under RCM 1001(b)(5), Captain Glenn's testimony on the conditions required for appellant's reform might be viewed as evidence pertinent to the rehabilitative potential of appellant. Accordingly, any error under *Ohrt* in admitting the challenged evidence was not plain in the sense of being clear or obvious. *See generally United States v. Robinson*, 38 MJ at 32.

The decision to prohibit testimony of a witnesses under *Ohrt* sometimes requires the exercise of discretion by the judge. Usually such discretionary decisions do not constitute plain error. *See United States v. Carter*, 40 MJ 102 (CMA 1994); *United States v. Dudding*, 37 MJ 429, 431 (CMA 1993) (Sullivan, C.J., concurring). Moreover, we have often commented that military judges are presumed to know the law and to act according to it. *United States v. Vangelisti*, 30 MJ 234 (CMA 1990). Thus, we are quite sure that a military judge would not be improperly swayed by the testimony of these doctors in the manner prohibited by the decision of this Court in *United States v. Ohrt, supra*. *See also United States v. Corraine*, 31 MJ 102, 107 (CMA 1990). Prejudice in this light was illusory.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.