UNITED STATES

v.

Leonardo A. RILEY, 388–88–1324, Dental Technician Third Class (E–4), U.S. Navy.

NMCM 94 01772.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 22 March 1994.

Decided 31 May 1996.

LT D. Jacques Smith, JAGC, USNR, Appellate Defense Counsel.

LT David M. Harrison, JAGC, USNR, Appellate Government Counsel.

Before McLAUGHLIN and KEATING, Senior Judges, and LUCAS, J.

KEATING, Senior Judge:

In a contested trial before members, the appellant was convicted of indecent acts and forcible sodomy with a child under the age of 16 years. He was sentenced to a dishonorable discharge, confinement for 2 years, forfeitures of $400.00 pay per month for 2 years, and reduction to pay grade E–1. The convening authority approved the sentence as awarded. The appellant assigns several errors before this Court.[1] We find merit in

---

1. I. THE MILITARY JUDGE ERRED BY PREVENTING APPELLANT'S COUNSEL FROM CROSS–EXAMINING THE ALLEGED VICTIM AS TO HER MOTIVE TO FABRICATE THE CHARGES AGAINST THE APPELLANT.

II. THE GOVERNMENT FAILED TO PROVE APPELLANT GUILTY OF SODOMY AND INDECENT ASSAULT BEYOND A REASONABLE DOUBT.

III. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

IV. AN UNSUSPENDED DISHONORABLE DISCHARGE AND TWO YEARS OF CONFINEMENT IS INAPPROPRIATELY SEVERE GIVEN APPELLANT'S OUTSTANDING RECORD.

V. THE MILITARY JUDGE ERRED WHEN HE FAILED TO DISMISS ADDITIONAL CHARGE I (INDECENT ASSAULT) BECAUSE

one of these and take corrective action. We also specified an additional issue,[2] which we discuss below.

■ We follow the established rule that, although failure to object at trial to the erroneous admission of constitutionally excludable evidence ordinarily results in forfeiture, a military court of criminal appeals can review such an error under its plenary review authority. We hold the standard of review is actual prejudice under the federal and military harmless error standard, rather than the mere possibility of prejudice under the constitutional standard. Because the appellant has not persuaded us that the error had a substantial and injurious effect or influence on the member's verdict and was therefore actually prejudicial, we find it to be harmless.

## The Trial

The Government's evidence as to the sexual acts that formed the basis for the charges against the appellant consisted of the testimony of a child who was 10 years old at the time of the incident. The child's mother testified the appellant often spent the night at the home of her mother's niece in San Diego and during the time in question the child had spent the night there almost every weekend. She also testified the child had not said anything to her about the incident at the time it was alleged to have occurred. Additional testimony stipulated to by the parties corroborated the child's testimony, but none of it directly tended to prove the alleged sexual touching had occurred.

Preceding the testimony of the child and her mother, was that of a special agent of the Naval Criminal Investigative Service [NCIS], who had conducted the investigation of the appellant. The agent testified that the case had been referred to him by authorities in Illinois who had been informed of the case by Washington state child protective services, based on a report received from the child's school counselor. The agent said he had contacted the appellant and brought him to the NCIS office for an interview.

The agent testified when the appellant was initially advised of his constitutional and military rights against self-incrimination he elected to remain silent. He testified the appellant contacted him the next day and told him he had spoken with an attorney and based on that advice he would continue to remain silent and not participate in any further interrogation. The agent concluded his testimony by stating the only person he had interviewed personally in this case was the appellant who, he said again, had elected to remain silent. Record at 47.

■ There was no objection from the defense during or following the NCIS agent's testimony. There was no cross-examination and no questions from the members. The military judge did not refer to the testimony in any way or give any limiting instruction concerning it to the members.[3] Neither counsel made any reference to the part of the agent's testimony about the appellant having exercised his right to remain silent at any time during the trial. The trial counsel did refer in her closing argument to the part of the agent's testimony concerning the involvement of civil authorities. Record at 132.

The defense case consisted of three witnesses who testified to the appellant's good military character and the stipulated testimo-

IT IS[SIC] LESSER INCLUDED OFFENSE OF CHARGE II (SODOMY). (Citations omitted.)

VI. A NEW CONVENING AUTHORITY'S ACTION IS REQUIRED BECAUSE THE STAFF JUDGE ADVOCATE FAILED TO: (1) COMMENT ON THE LEGAL ERRORS RAISED BY THE APPELLANT, AND (2) INFORM THE CONVENING AUTHORITY THAT THE MILITARY JUDGE FOUND THE CHARGES MULTIPLICIOUS FOR SENTENCING. (Citations omitted.)

2. DID THE ADMISSION OF TESTIMONY AGAINST THE APPELLANT IN VIOLATION OF MILITARY RULES OF EVIDENCE 301(f)(3)

THAT HE ELECTED UNDER THE FIFTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 31 OF THE UNIFORM CODE OF MILITARY JUSTICE TO REMAIN SILENT CONSTITUTE REVERSIBLE ERROR UNDER THE CIRCUMSTANCES OF THIS CASE? (Citations omitted.)

3. The lack of objection by the defense counsel does not relieve the military judge of his paramount duty to instruct the members regarding the improper introduction of such evidence. *United States v. Earnesty*, 34 M.J. 1179, 1181 (A.F.C.M.R.1992).

ny of a fourth to the same effect. The appellant testified on his own behalf. He acknowledged having been with the child at the time of the alleged offenses, but denied any inappropriate sexual contact. He admitted the child had sat on his lap, but denied any sexual touching. He admitted having laid in bed with the child and her friend and reading them a story before falling asleep, but denied that any behavior of a sexual nature ever occurred.

### Evidentiary Use of Silence

■ The law is well settled that a decision to remain silent during official questioning is inadmissible against an accused at trial. This rule is expressly stated in the Manual for Courts–Martial [MCM], United States, 1984 (1995 ed.) as part of the Military Rules of Evidence. "The fact that the accused during official questioning and in exercise of rights under the Fifth Amendment to the Constitution of the United States or Article 31, remained silent, refused to answer a certain question, requested counsel, or requested that the questioning be terminated is inadmissible against the accused." Mil.R.Evid. 301(f)(3).

This rule follows the decisions of the Supreme Court in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), and that of the Court of Military Appeals (now The Court of Appeals for the Armed Forces) in *United States v. Brooks*, 12 C.M.A. 423, 31 C.M.R. 9, 1961 WL 4509 (1961). MCM, Appendix 22, Mil. R.Evid. 301 Analysis at 22–6.[4] In the *Brooks* case, decided almost 35 years ago, the Court noted that:

"It has long been settled that an accused's pretrial reliance upon his rights under ... Article 31, when interrogated concerning an offense of which he is suspected, may not be paraded before a court-martial in order that his guilt may be inferred from his refusal to comment on the charges against him."

*Id.*, 12 C.M.A. at 425–26, 31 C.M.R. at 11–12.

### The Constitutional Standard

The Court of Military Appeals revisited the issue shortly after *Hale* was decided. In *United States v. Moore*, 1 M.J. 390 (C.M.A. 1976), the Court articulated the test to be applied when it is brought to the attention of the triers of fact that an accused, upon being questioned prior to trial, asserted his right to counsel or to remain silent. The Court adopted the test stated in *United States v. Ward*, 1 M.J. 176 (C.M.A.1975), in which it first applied *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) to the military.

■ The Court held in *Ward* before an error founded upon the Federal Constitution can be held harmless, the Court must be able to say it is harmless beyond any reasonable doubt. The test is not whether specific indication of prejudice can be found but whether there is no reasonable possibility that the error might have contributed to the conviction. *Moore*, 1 M.J. at 391–92. *See also United States v. Palacios*, 37 M.J. 366, 368 (C.M.A.1993). Stated another way, the test is whether we can say, absent the error, that it is clear beyond a reasonable doubt the members would have returned a verdict of guilty. *United States v. Hasting*, 461 U.S. 499, 510–11, 103 S.Ct. 1974, 1981–82, 76 L.Ed.2d 96 (1983).

In the case before us, there was no physical evidence or other direct corroboration at trial that any sexual acts took place. The evidence against the appellant in this respect was based entirely upon the child's testimony. She alone provided evidence that sexual acts had taken place. The appellant's defense consisted of his testimony denying that any sexual activity had occurred and evidence of his good military character. In the absence of physical evidence and direct corroboration testimony, factors affecting credibility are clearly of critical importance.

---

**4.** *See also Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that states improper use of defendant's post-*Miranda* silence was error but did not warrant *habeas* relief unless error had a substantial and injurious effect or influence on the jury's verdict).

*United States v. Williams*, 37 M.J. 352, 358 (C.M.A.1993).

Considering all the evidence presented at trial, there is a reasonable possibility the erroneous introduction into evidence of the fact the appellant repeatedly exercised his right to remain silent before trial might have contributed to his conviction. The members could have concluded that such silence was probative of the falsity of the explanation the appellant later offered at trial. Since it is not clear beyond a reasonable doubt that, absent the error, the members would have found the appellant guilty, the error, if properly preserved, would not have been harmless under the Constitutional standard. Had the error been objected to at trial and the military judge failed to take adequate corrective action, the appellant would be entitled to a new trial.

### Lack of Timely Objection

However, the appellant did not make a timely objection to the erroneous introduction of the evidence. Recent appellate decisions have focused on whether the error has been preserved for appellate review or forfeited by failure of a party to enter a timely objection. Not to consider this factor could encourage defense counsel to forego objections that could be beneficial to their clients. On the other hand, to deny relief in all such cases regardless of the circumstances could result in an injustice. We review existing federal and military case law to determine the effect of the appellant's failure to object on the scope and standard of appellate review.

### Forfeiture of Constitutional Right

A constitutional right, or a right of any other sort, may be forfeited by failure to make timely assertion of the right, *Yakus v. United States*, 321 U.S. 414, 444, 64 S.Ct. 660, 677, 88 L.Ed. 834 (1944), *cited in United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In military practice, error may not be predicated upon a ruling that admits or excludes evidence, unless the ruling materially prejudices a substantial right of a party and a timely objection or

motion to strike appears of record. Mil. R.Evid. 103. Failure to object to evidence at the trial level constitutes a forfeiture of the objection to the admission of such evidence in the absence of plain error. *United States v. Prevatte*, 40 M.J. 396, 397 (C.M.A.1994).

Plain error requires, at the very least, that there be an error, that it be plain,[5] and that it affects a substantial right of the accused, *i.e.*, it was prejudicial. *Id.* Appellate courts should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). In normal circumstances, the appellant must make a specific showing of prejudice to satisfy the "affecting substantial rights" prong. There also may be error that should be presumed prejudicial without a specific showing of prejudice. *Olano*, 507 U.S. at 735, 113 S.Ct. at 1778. But "trial error"—which occurs during presentation of evidence to the jury—may be quantitatively assessed to determine whether it was harmless. *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

### Absence of Plain Error

The Court of Appeals for the Armed Forces has recognized that " '[a] *per se* approach to plain error review is flawed.' " *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986) (quoting *United States v. Young*, 470 U.S. 1, 16 n. 14, 105 S.Ct. 1038, 1047 n. 14, 84 L.Ed.2d 1 (1985)). The critical difference for "plain error" purposes, is that if the error is not presumed prejudicial, the burden of persuasion shifts to the appellant to show that he was prejudiced. "When ... plain error is asserted, appellant 'bears the burden of persuasion with respect to prejudice.' " *United States v. Pollard*, 38 M.J. 41, 51 (C.M.A.1993) (quoting *Olano*, 507 U.S. at 734, 113 S.Ct. at 1778).

To be plain error, "the error must not only be both obvious and substan-

5. The Supreme Court has said that 'plain' is synonymous with 'clear' or 'obvious'. *Olano*, 507 U.S. at 734, 113 S.Ct. at 1777, *cited in*

*United States v. Toro*, 37 M.J. 313, 316 (C.M.A. 1993).

tial, it must also have 'had an unfair prejudicial impact on the jury's deliberations.' " *Fisher,* 21 M.J. at 328 (quoting *Young,* 470 U.S. at 16 n. 14, 105 S.Ct. at 1047 n. 14). The doctrine should be invoked " 'sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.' " *Fisher* at 328–29 (quoting *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982)).

■■■■ The type of error that occurred in this case can be cured by an instruction given by the military judge. *United States v. Garrett,* 24 M.J. 413 (C.M.A.1987). It does not require the drastic remedy of a mistrial, which is to be granted only when manifestly necessary to preserve the ends of justice. *Id.* at 417–18. We recognize the potential for prejudice, but find that the appellant has not carried his burden of persuasion with respect to it. *Cf. United States v. Czekala,* 42 M.J. 168 (1995).

## Plenary Review Authority

■■■■ Federal Courts of Appeal have limited power to correct errors that were forfeited because they were not timely raised at the trial level. *Olano,* 507 U.S. at 731, 113 S.Ct. at 1776. However, this Court may choose not to apply the waiver (or forfeiture) doctrine, relying on our "plenary review authority" granted by Article 66(c), UCMJ, 10 U.S.C. § 866(c). *United States v. Claxton,* 32 M.J. 159, 162 (C.M.A.1991). "No 'plain error' threshold is involved. If the Court of Military Review, in the interest of justice, determines that a certain finding or sentence should not be approved—by reason of the receipt of improper testimony or otherwise— the court need not approve such finding or sentence." *Id.*

We are bound, however, by another article of the Code not to hold a finding or sentence of a court-martial incorrect on the ground of an error of law, unless the error materially prejudices the substantial rights of the accused. Article 59(a), UCMJ, 10 U.S.C. § 859(a). As the Supreme Court has said with respect to another statute giving a court

wide discretion to exercise equitable power "discretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' " *United States v. Taylor,* 487 U.S. 326, 336, 108 S.Ct. 2413, 2419, 101 L.Ed.2d 297 (1988) (quoting *United States v. Burr,* 25 F.Cas. 30, 35 (No. 14,692d) (CC Va.1807) (Marshall, C.J.)).

## The Harmless Error Standard

■■ We believe the legal principle we should apply under our plenary review authority is the one Congress established for legal error generally, that is, whether the "error materially prejudices the substantial rights of the accused." Article 59(a), UCMJ.[6] Review under this article requires a showing of prejudice before a conviction can be set aside for legal error. *United States v. McCoy,* 31 M.J. 323, 327 (1990). Reversal is required under Article 59(a), UCMJ, only when the accused has suffered actual prejudice. *United States v. Murray,* 25 M.J. 445, 447 (C.M.A.1988).

The Federal harmless error statute similarly refers to: "errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. The Supreme Court recently applied that standard in a *habeas corpus* case to the improper use of a defendant's post-*Miranda* silence. *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The Court held that the test under the Federal harmless error statute was whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' Under this standard, *habeas* petitioners may obtain plenary review of their constitutional claims, but they are not entitled to *habeas* relief based on trial error unless they can establish that it resulted in 'actual prejudice.' " *Id.* 507 U.S. at 637, 113 S.Ct. at 1722 (citations omitted).

We analogize our plenary review authority under *Claxton* to that of the federal courts under *habeas corpus.* Applying, therefore the military harmless error standard of Article 59, UCMJ, we conclude that, although

---

**6.** This language is analogous to Fed.R.Crim.P. 52(a) which provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Francis A. Gilligan and Fredric I. Lederer, COURT-MARTIAL PROCEDURE § 6–35.10, at 247 (1991).

there is a reasonable *possibility* that the evidence *could have contributed* to the appellant's conviction, the appellant has not met his burden of persuading us that the error had a substantial and injurious effect or influence on the members' verdict and was therefore *actually prejudicial.* The NCIS agent's testimony was brief, only a part of it concerned the appellant's silence and that part was never referred to at any time during the trial. The error was, therefore, harmless.

## Multiplicity

 One of the offenses of which the appellant has been found guilty, is a lesser included offense of the other. The Government may charge one offense in alternative forms but the accused can only be found guilty of one. *United States v. Weymouth,* 43 M.J. 329 (1995). To correct this error, the findings of guilty of the Specification of Additional Charge I, and Additional Charge I are set aside and dismissed. The military judge instructed the members that the offenses were multiplicious for sentencing purposes. Therefore, the error was not prejudicial and the sentence need not be reassessed.

## Decision

Accordingly, the findings of guilty of Additional Charge II and its Specification and the sentence, as approved on review below, are affirmed. A corrected court-martial order shall be issued.

Senior Judge McLAUGHLIN and Judge LUCAS concur.