**UNITED STATES, Appellee,**

v.

**Marvin WILLIAMS, Airman First Class U.S. Air Force, Appellant.**

No. 96–1306.
Crim.App. No. 32124.

U.S. Court of Appeals for
the Armed Forces.

Argued May 14, 1997.

Decided Sept. 15, 1997.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* (argued); *Colonel David W. Madsen* and *Major Ormond R. Fodrea.*

For Appellee: *Major Allen Erickson* (argued); *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Major LeEllen Coacher* (on brief).

*Opinion of the Court*

COX, Chief Judge:

On March 14, 1996, appellant was tried by a military judge sitting alone as a general court-martial at Travis Air Force Base, California. Pursuant to his pleas, he was found guilty of separate specifications of wrongful use of marijuana and cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced by the military judge to a bad-conduct dis-

charge, confinement for 15 months, total forfeitures, and reduction to E–1.

As part of a pretrial agreement with the convening authority in exchange for appellant's guilty pleas, an additional specification of wrongful use of marijuana was withdrawn and his confinement was reduced to 12 months. The balance of the adjudged sentence was approved.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR IN ADMITTING PROSECUTION EXHIBIT 6, A LETTER OF REPRIMAND GIVEN TO APPELLANT SHORTLY BEFORE TRIAL WHICH DEALT WITH THE SAME OFFENSE AS AN ADDITIONAL CHARGE IN THE CASE WHICH WAS WITHDRAWN PURSUANT TO A PRETRIAL AGREEMENT WITH THE CONVENING AUTHORITY.

Appellant provided a urine sample on April 12, 1995, as part of the Air Force random urinalysis testing program, which tested positive for both marijuana and cocaine. He subsequently admitted to agents of the Air Force Office of Special Investigations (OSI) that he had used both marijuana and cocaine on a number of occasions between November 1994 and April 1995. Appellant then consented to provide another urinalysis sample, which also tested positive for marijuana and cocaine.

In early November 1995, charges were preferred against appellant for wrongful use of marijuana and cocaine, based upon the above-described drug usage. Appellant waived his right to an Article 32, UCMJ, 10 USC § 832, investigation for these original charges.

On November 21, 1995, OSI agents received information that appellant was still involved in drug use or had offered marijuana to another airman. The investigators secured authorization from a military magistrate to obtain an additional urine sample from appellant. It is unclear whether the Government also ultimately obtained consent for this sample. Regardless, this sample also tested positive for marijuana.

On January 2, 1996, appellant's squadron commander preferred an Additional Charge alleging wrongful use of marijuana based upon the November 1995 urinalysis results. The Additional Charge was investigated by an Article 32 investigating officer. The convening authority, the Commander of Fifteenth Air Force, referred both the original Charge and the Additional Charge to trial by general court-martial. Appellant then proposed a pretrial agreement to the convening authority, whereby he offered to plead guilty to the original Charge and both specifications in exchange for withdrawal of the Additional Charge (November 1995 marijuana use) and for limiting confinement to 12 months. This offer was accepted by the convening authority on January 27, 1996.

Approximately 3 weeks after the Fifteenth Air Force Commander had approved the pretrial agreement, which included withdrawing the Additional Charge, appellant's squadron commander, a subordinate of the Fifteenth Air Force Commander for UCMJ purposes, gave appellant a letter of reprimand for smoking marijuana and for offering some marijuana to another airman on or about November 20, 1995. This was the very same conduct which led to preferral of the Additional Charge that had been withdrawn pursuant to the pretrial agreement. The letter of reprimand was placed in the unfavorable information file of appellant's official personnel records on March 4, 1996. In pertinent part, the letter of reprimand states:

2. You are hereby Reprimanded. Your apparent disregard for Air Force instructions will not be tolerated nor condoned. Your use of marijuana only weeks prior to your scheduled trial date as well as offering [Airman S] marijuana 3 days prior to his trial shows incredibly bad judgment on your part. Typically this would be an Article 15 punishable offense. But, due to the rehabilitative nature of punishment under Article 15, and the fact that I see no potential for rehabilitation and retention for you, I have opted to address this offense with a letter of reprimand.

After consultation with the same defense counsel who represented him at trial, appellant responded to the proposed letter of rep-

rimand. His response was also a part of his personnel records. He denied use of marijuana or offering it to anybody else, although he did admit to being in a car with friends and being offered a cigar, which he realized was marijuana after he had already smoked some. He essentially claimed that any ingestion of marijuana on November 20, 1995, was accidental.

Appellant has not raised—and we do not address here—the propriety of trying to get evidence of uncharged misconduct in through the "back door." *See* RCM 1001(b)(2), Manual for Courts–Martial, United States (1995 ed.) (objection to "matter that is not admissible under the Military Rules of Evidence, . . . shall be determined by the military judge. Objections not asserted are waived."); Mil. R.Evid. 404(b), Manual, *supra*. Here, the conduct contained in the letter of reprimand became uncharged pursuant to a mutual contract, *i.e.*, the pretrial agreement.

■ Appellant instead argues that admission of the letter of reprimand was error for two reasons. First, it did not comply with the provisions of Air Force Instruction 36–2907, which addresses the proper entry of unfavorable information in personnel records. Second, appellant argues that the content of the letter should have been excluded as improper evidence of rehabilitative potential because it contained an implicit recommendation that appellant be discharged. Evidence of "rehabilitative potential" must be based upon personalized knowledge of an accused's character and potential. It cannot be based solely upon the commander's view of the severity of the offense or offenses charged. *See United States v. Ohrt*, 28 MJ 301 (CMA 1989); *United States v. Horner*, 22 MJ 294 (CMA 1986); *see also* RCM 1001(b)(5). Appellant's squadron commander did not testify at trial, so we are unable to determine if he could have properly qualified his testimony pertaining to appellant.

■ Regardless of appellant's arguments, the letter of reprimand was admitted without objection. Appellant's failure to object to this evidence "at the trial level constituted a forfeiture of the objections to admission of such evidence in the absence of plain error."

*United States v. Prevatte*, 40 MJ 396, 397 (CMA 1994) (citations and footnote omitted); Mil.R.Evid 102.

■ To establish plain error, appellant must demonstrate "that there was 'error'; that such error was 'plain, clear, or obvious'; and that the error 'affect[ed] appellant's substantial rights.'" *United States v. Czekala*, 42 MJ 168, 170 (1995), quoting *United States v. Olano*, 507 U.S. 725, 732, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). It is far from clear that the letter of reprimand from appellant's personnel records would have been admissible had there been timely objection. *See United States v. Ohrt, supra*. Nevertheless, even if the letter should have been excluded, "the plain error doctrine 'is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Strachan*, 35 MJ 362, 364 (CMA 1992), quoting *United States v. Fisher*, 21 MJ 327, 328–29 (CMA 1986), quoting *United States v. Frady*, 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982).

■ The burden is on appellant to show that "an obvious, substantial error occurred and that the error had an unfairly prejudicial impact on his case." *Strachan, supra* at 364. Moreover, we must assume that military judges know the law and act according to it. *Prevatte*, 40 MJ at 398; *United States v. Vangelisti*, 30 MJ 234, 240 (CMA 1990). Therefore, we will assume *arguendo* that admission of the letter of reprimand was error. However, lacking evidence to the contrary, we presume that the military judge was not improperly swayed by its admission and that she gave little or no weight to any of the letter's contents which should have been otherwise excluded under this Court's decisions in *Ohrt* and *Prevatte*.

According to other evidence admitted without objection at trial, appellant had previously received nonjudicial punishment under Article 15, UCMJ, 10 USC § 815, for dereliction of duty. He was also convicted in Riverside County, California, for assault with a deadly weapon, which occurred on June 16, 1995. Given the other evidence presented in aggravation, we can say with confidence that appellant was not prejudiced by admission of

this letter of reprimand at his bench trial. Art. 59(a), UCMJ, 10 USC § 859(a); *United States v. Causey*, 37 MJ 308, 311 (CMA 1993). The reduction in confinement secured by the pretrial agreement further nullified the possibility of prejudice.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON concur.