BAKER, Judge
(concurring):
I agree with the Court’s resolution of this case on the basis of waiver, informed by the longstanding principle that a military judge is presumed to know the law and act according to it absent some contrary indication in the record. United States v. Erickson, 65 M.J. 221, 225 (C.A.A.F.2007); United States v. Raya, 45 M.J. 251, 253 (C.A.A.F.1996); United States v. Prevatte, 40 M.J. 396, 398 (C.M.A.1994). However, the presumption notwithstanding, I write separately to express some skepticism that the military judge followed the proscription set forth in United States v. Ohrt, 28 M.J. 301, 305 (C.M.A.1989). I am not confident that the military judge did not defer to the expert in arriving at the sentence in this case. However, other than the adjudged sentence, it is equally clear that there is little in the record to indicate that the military judge, in fact, failed to adhere to the principles in Ohrt.
A military judge is responsible for, among other things, ensuring that sentencing is conducted pursuant to certain fundamental sentencing principles and procedures. See United States v. Heflin, 1 M.J. 131, 133 (C.M.A.1975) (noting that a military judge’s “primary judicial responsibility [is] to assure that a court-martial is conducted in accordance with sound legal principles”). Two such principles apply here.
*334 First, witnesses at courts-martial are prohibited from offering opinions regarding the quantum and quality of punishment warranted. This function resides solely within the province of the members or the military judge, depending upon the chosen forum. “The question of appropriateness of punishment is one which must be decided by the court-martial; it cannot be usurped by a witness.” Ohrt, 28 M.J. at 305.
Second, military, sentencing is predicated on the concept of individualized sentencing. United States v. Baier, 60 M.J. 382, 383 (C.A.A.F.2005); United States v. Mamaluy, 10 C.M.A. 102, 107, 27 C.M.R. 176, 181 (1959). Thus, while military judges may bring to their deliberations their knowledge of both the law and human nature, they may not apply sentencing criteria that ignore the concept of individualized sentencing. Military sentencing is based on consideration of individualized factors related to the crime and the character of the offender rather than generalized sentencing theories or principles, with the concept of general deterrence being the notable exception. United States v. Varacalle, 4 M.J. 181, 183 (C.M.A.1978).
Here, Dr. Arnold offered a minimum sentencing recommendation to the sentencing authority. Moreover, that opinion was presented without reference or relationship to Appellant in particular. Now, it may be sheer coincidence that the adjudged confinement comports precisely with that recommended by the expert witness in this case. In light of the rebuttable presumption that a military judge is presumed to know the law, absent evidence to the contrary, I must assume that the military judge would not have relied on the witness’s formulaic sentencing recommendation in lieu of the specific circumstances of Appellant’s case. But on the chance that it may not be coincidence, I write separately here to emphasize the responsibility of military judges to adhere to the principles of military justice sentencing when sitting as the sentencing authority.