UNITED STATES, Appellee,

v.

Richard D. DUDDING, Sergeant,
U.S. Army, Appellant.

Nos. 68,121.

CMR No. 9100162.

U.S. Court of Military Appeals.

Argued May 10, 1993.

Decided Sept. 10, 1993.

For Appellant: *Captain Victor A. Tall* (argued); *Dan R. Hyatt* (on brief); *Captain Robin N. Swope.*

For Appellee: *Major Joseph C. Swetnam* (argued); *Colonel Dayton M. Cram-* er and *Lieutenant Colonel Joseph A. Russelburg* (on brief).

*Opinion of the Court*

CRAWFORD, Judge.

Pursuant to his pleas, appellant was found guilty of rape, sodomy, communicating a threat, two specifications of communicating indecent language to a child, and four specifications of committing indecent acts with a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. He was sentenced by the court members to a dishonorable discharge, confinement for 40 years, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement portion of the sentence to 20 years but otherwise approved the sentence. The Court of Military Review affirmed the findings and approved sentence. 34 MJ 975 (1992). We granted review on the following issue:

> WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR BY ALLOWING AN EXPERT WITNESS TO RECOMMEND THAT APPELLANT SHOULD BE CONFINED.

We hold that the judge did not commit plain error in allowing the prosecution witness to rebut the defense witness' recommendation for group therapy for appellant.

## FACTS

Because of time constraints, a defense witness, Mr. Paul Stewart, a licensed clinical social worker and psychotherapist, testified before the prosecution presented its case in sentencing. Mr. Stewart had interviewed appellant twelve times and diagnosed appellant as "a regressed type pedophile." Mr. Stewart recommended at least

18 months of group treatment which would include exploration of childhood events influencing appellant's current behavior. While he could not guarantee appellant would not be a threat to society, Mr. Stewart described appellant as "a good candidate" for such group therapy considering appellant's narcissistic personality traits and alcohol problems. Mr. Stewart found very little unusual about appellant which would make the treatment prohibitive.

The prosecution then called Major Louis R. Mackey, Deputy Chief of Social Works Services at the Directorate of Mental Health, United States Disciplinary Barracks (USDB), Fort Leavenworth, Kansas. He discussed the criteria used by the USDB in placing sex offenders into institutionalization or diversion programs and the treatment program available at the USDB for child sexual offenders including initial screening, group stress management, and individual treatment programs. Major Mackey testified that appellant would be exposed to more treatment groups if he had a 10–year sentence versus a 5–year sentence. There was no objection to this testimony.

## DISCUSSION

Appellant alleges as plain error Major Mackey's testimony that appellant should be institutionalized, citing the following specific provision of *United States v. Ohrt*, 28 MJ 301, 304–05 (CMA 1989):

> [A] witness ... should not be allowed to express an opinion whether an accused should be punitively discharged. The question of appropriateness of punishment is one which must be decided by the court martial; it cannot be usurped by a witness.

The defense's failure to object to Major Mackey's testimony constitutes waiver in the absence of plain error. *United States v. Fisher*, 21 MJ 327 (CMA 1986). *See generally United States v. Olano*, — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508

(1993). *See also* L. Griffin, *Federal Criminal Appeals* § 4.3(5)(d) at 4–41 (1992).

The Supreme Court indicated in *Olano* that a conviction should not be overturned under the plain-error doctrine unless there was error; it was plain; and the error affected a substantial right. — U.S. at —, 113 S.Ct. at 1777. Assuming error, Major Mackey's testimony was not so obvious an error as to constitute plain error.

The defense called Mr. Stewart as a recognized expert in child sexual abuse cases. He had examined appellant numerous times. He indicated that any treatment should have as its final goal the reunification of the family.

The recommendation for group therapy was not an inadvertent admission of defense evidence. Indeed it was a major portion of defense counsel's theory concerning sentencing in the case. Defense counsel made no objection to Major Mackey's testimony. In light of the pretrial agreement for a 20–year ceiling on the sentence, a discussion of institutionalization and the treatment programs at the USDB based on a theoretical 5–year to a 10–year sentence can hardly be said to rise to the level of plain error.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring):

I find no *plain* error in this case. No objection was made at trial to the testimony of Major Mackey as violating RCM 1001(d), Manual for Courts–Martial, United States, 1984. If one had been lodged, the military judge would have been required to exercise his discretion concerning the rebuttal nature of this testimony. *See United States v. Flynn*, 28 MJ 218 (CMA 1989). Also, no objection was made to this rebuttal testimony as further violating *United States v. Ohrt*, 28 MJ 301 (CMA 1989). If there had been an objection, the military judge would have had to determine wheth-

er the defense evidence by Mr. Stewart also violated *United States v. Ohrt, supra.* *See United States v. Aurich,* 31 MJ 95–97 (CMA 1990); *see also United States v. Pompey,* 33 MJ 266 (CMA 1991). These types of discretionary calls seldom involve error so plain as to warrant reversal under the plain-error standard. L. Griffin, *Federal Criminal Appeals* § 4.3(5)(d) at 4–44 (1992).