UNITED STATES, Appellee

v.

Michael CARTER, Warrant Officer One, U.S. Army, Appellant.

No. 93–0455.
CMR No. 9102577.

U.S. Court of Military Appeals.

Argued March 2, 1994.

Decided Aug. 17, 1994.

For Appellant: *Captain Teresa L. Norris* (argued); *Lieutenant Colonel James H. Weise, Captain Victor A. Tall, Captain Robert Lane Carey* (on brief); *Colonel Malcolm H. Squires, Jr., Colonel Stephen D. Smith, Captain Clayton R. Diedrichs, Captain Robin N. Swope.*

For Appellee: *Captain Louis E. Peraertz* (argued); *Colonel Dayton M. Cramer, Major Kenneth T. Grant, Major James L. Pohl* (on brief); *Captain Steven M. Walters.*

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted of committing an indecent act with a child under 16 years of age, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a dishonorable discharge and restriction in quarters for 2 months. The convening authority only approved the discharge. The Court of Military Review affirmed the findings and sentence without opinion. We granted review on the following issues:

I

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING MEMBERS'. REQUEST TO RECALL WITNESSES AFTER THE COURT HAD BEEN CLOSED FOR DELIBERATIONS.

II

WHETHER THE STAFF JUDGE ADVOCATE (SJA) ERRED BY FAILING TO SERVE HIS POST–TRIAL RECOM-

MENDATION ON A SUBSTITUTE TRIAL DEFENSE COUNSEL WHERE APPELLANT IN HIS POST–TRIAL SUBMISSION ALLEGED THAT HIS TRIAL DEFENSE COUNSEL WAS INEFFECTIVE.

We hold that the judge did not abuse his discretion in not recalling the witnesses. We also hold that under the facts of this case the SJA erred in not notifying defense counsel of the potential conflict, but there was no prejudicial error.

## RECALLING WITNESSES

### FACTS

Appellant was convicted of committing an indecent act with the 14–year–old babysitter. Factual questions arose during trial concerning the hiring of the babysitter and the plans of appellant and his wife on the evening in question.

After instructions on findings, there was a short break prior to closing for deliberations. Upon reconvening, the court members submitted a number of written questions. The military judge gave the questions to trial and defense counsel for their opportunity to review and object in writing.

Appellate Exhibit V contains the following questions from CPT Hernandez directed to the victim:

1. Do you or did you have a boyfriend?
2. How long?
3. Do you or did you have a crush on WO1 Carter?

Defense counsel had "no objection" "to questions 1 & 2," but he objected "to question 3 ... on the basis of [Mil.R.Evid.] 403 as well as fact that both gov't and defense had rested and closing arguments made. It would be improper at this time to re-open evidence."

Appellate Exhibit VI are questions from Captain Hernandez directed to appellant:

1. Do you allow [the victim] to call you "Michael"?
2. Why?
3. How much did you pay her for babysitting for one hour?

Defense counsel objected "to all questions ... on basis that evidence has closed and argument already made on the former evidence—therefore Rule 403 would show undue prejudice because of potential that defense argument now has to change."

Appellate Exhibit VII is a question from Captain Hernandez for appellant's wife: "How old are you now and how old were you when you were married?" Defense counsel commented, "Rule 403 objection on previous questionnaires."

Appellate Exhibit VIII is a question from Captain Clark directed to appellant: "Where was Mrs. Carter while the child was being babysitted [sic]?" Defense counsel again objected on the grounds of "Rule 403 ... as previously stated."

Appellate Exhibit IX is a statement from the president to the effect "need to clarify testimony as to what each witness stated ref where the Mary Kay meeting was; *i.e.,* upstairs or downstairs from WO1 Carter[']s apartment." Defense counsel checked "no objection" to this question.

Appellate Exhibit X is a question directed to appellant from Major Mace: "Why did you leave your 2 yr [sic] old son at home alone, knowing that he had an ear infection?" Defense counsel commented: "Objection irrelevance MRE 402–evidence closed R.403 prejudice to accused."

Appellate Exhibit XI were questions from Major Mace directed to the victim: "Do you fully understand the significance of your accusation on the family life and career of WO1 Carter?" and "Do you wish to reconsider your accusation?" Defense counsel objected on the grounds that the "evidence closed, argument over—operates to prejudice of accused over probative value because it would change closing argument of defense—making defense closing potentially less credible."

Appellant had no objection to Appellate Exhibit XII, a question from Captain Clark directed to appellant's friend who testified concerning her revelations of appellant's actions towards the victim: "Has [the victim] lied about any occurs [sic] for any event [sic] to you?"

After consideration of written questions and objections by defense counsel the military judge ruled:

> Because of the nature of the questions being asked and some are not relevant at this stage in the proceedings, others are objectionable, and also concerning the fact that both sides have already made argument on the case, and I've already instructed you on the law to be applied in this case.... Normally I'd ask you at the close of all the evidence if you wish to have any witness recalled. I am not going to allow witnesses to be recalled at this time. Does either side have an objection to that?

Both counsel stated they had no objection to the military judge's ruling.

## DISCUSSION

■ Article 46, UCMJ, 10 USC § 846, authorizes the court members to call witnesses and obtain evidence. RCM 921(b), Manual for Courts–Martial, United States, 1984, expands on this provision as follows:

> Members may request that the court-martial be reopened and that portions of the record be read to them or additional evidence introduced. The military judge may, in the exercise of discretion, grant such request.

This Court in *United States v. Lampani*, 14 MJ 22, 26 (1982), set forth the following factors to be examined by the judge in exercising discretion:

> Difficulty in obtaining witnesses and concomitant delay; the materiality of the testimony that a witness could produce; the likelihood that the testimony sought might be subject to a claim of privilege; and the objections of the parties to reopening the evidence are among the factors the trial judge must consider.

We hold that there was no abuse of discretion based on the timing of the motion, the legal and logical relevance of the evidence, and the objections of the parties. Questions were submitted by the court members after arguments and instructions on findings. As noted by defense counsel, allowing these questions and the corresponding answers would require him to change his closing argument, "potentially" making the defense "less credible."

While defense counsel did not object to three of the questions, two of the three were not relevant: "Do you or did you have a boyfriend?" and "How long?" There was no objection to the third question regarding the location of the Mary Kay meeting. However, there appears to be an irreconcilable dispute as to whether the Mary Kay meeting was the reason for hiring a babysitter on the night in question. In any event, this question was only marginally relevant to the findings. The defense objected to all the other questions.

For valid tactical reasons, defense counsel expressly waived any claim to inadmissibility of questions to which he did not object. This forfeiture did not result in plain error. *See United States v. Dudding*, 37 MJ 429, 431 (CMA 1993) (Sullivan, C.J., concurring) ("[t]hese types of discretionary calls seldom involve error so plain as to warrant reversal under the plain-error standard"); *United States v. Lampani*, 14 MJ at 26 (military judge exercises discretion in determining whether to perform additional investigation of the evidence). It is doubtful that denying the members' request to recall witnesses was prejudicial to appellant's case. Defense counsel objected to most of the members' questions on grounds that they would prejudice appellant. Therefore, denying the questions could not have operated to the prejudice of appellant. Art. 59(a), UCMJ, 10 USC § 859(a).

## POTENTIAL CONFLICT

### FACTS

On October 20, 1991, appellant sent a three-page letter to the convening authority. He proclaimed his innocence and asserted that his case parallels the Clarence Thomas hearings except that his accuser was not credible. He continued, "I feel that [being black] has played a covert part." Near the end of the letter he stated, "Also I am convinced that my legal representation is in great part to blame for the outcome."

Defense counsel in a post-trial affidavit indicated that to the best of his recollection

he did not receive a copy of appellant's letter to the convening authority complaining about his representation until after the post-trial submission had been prepared.[1]

### DISCUSSION

█ While this Court has not addressed that particular issue, it has condemned attorney-client conflicts. *See, e.g., United States v. Smith,* 36 MJ 455 (CMA 1993). As we stated in *United States v. Fluellen,* 40 MJ 96, 98 (CMA 1994):

> Under both the Sixth Amendment to the Constitution and Article 27, UCMJ, 10 USC § 827, military accused is guaranteed the effective assistance of counsel at the pretrial stage. *See, e.g., United States v. Scott,* 24 MJ 186 (CMA 1987) (failure to investigate alibi until 5 months after the allegation resulted in a finding of ineffective counsel). A military accused is also guaranteed the effective assistance of counsel at trial, and post-trial. *See, e.g., United States v. Spurlin,* 33 MJ 443 (CMA 1991).

(Footnote omitted.)

This right to the effective assistance of counsel means the right to effective assistance of conflict-free counsel. *See, e.g., Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

The staff judge advocate (SJA) was aware of a *potential* conflict, *i.e.,* allegation of ineffectiveness, prior to service of his recommendation on the defense. Upon notification of a potential conflict, the SJA should have notified defense counsel of appellant's complaint so that the issue of further representation could have been resolved. *Cf. United States*

v. *Smith,* 36 MJ 455 (CMA 1993); *United States v. Davis,* 3 MJ 430 (CMA 1977).

Upon such notification, the ABA Model Rules of Professional Conduct[2] would require defense counsel to determine if he has been discharged or whether his withdrawal is permissible under Rule 1.16(b). Defense counsel should advise the client as to the consequences of the termination of the relationship, *see, e.g., United States v. Gray,* 39 MJ 351 (CMA 1993), and determine if the client wants to discharge the attorney or is merely making the allegation out of frustration. ABA Model Rules of Professional Conduct Rule 1.16, Comment (1983). *Cf. United States v. Gray, supra* (order concerning continuity of counsel); *United States v. Palenius,* 2 MJ 86 (CMA 1977).

If it is determined that counsel has been appropriately discharged, counsel should notify the appropriate authority and no longer act on appellant's behalf. If appellant and his counsel are able to resolve that issue, then there could be continued representation by the same counsel. There was no such resolution in this case. Thus, the SJA, knowing of the right to conflict-free counsel, erred in not advising defense counsel of the apparent dissatisfaction.

In *United States v. Clark,* 22 MJ 708 (ACMR 1986), the Court of Military Review held that an attorney-client conflict due to an allegation of ineffectiveness of counsel arises upon notification. Responses to the SJA's recommendation *prior* to notification of a claim of ineffectiveness of defense counsel are "mentally free of competing interests." *Id.* at 710. Because at the time of the de-

---

1. Strangely the staff judge advocate's recommendation to the convening authority and the SJA's addendum with appellant's letters as an enclosure are both dated November 4, *1991.*

2. Rule 1.16(a)(1983) provides (with an exception not applicable here):

   [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

   (1) the representation will result in violation of the rules of professional conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3) the lawyer is discharged.

*See also* Department of Army Pamphlet 27–26, Rules of Professional Conduct for Lawyers Rule 1.16(a) (December 31, 1987), now Army Regulation 27–26, Rules of Professional Conduct for Lawyers, Rule 1.16(a) (May 1, 1992).

fense submission counsel was "mentally free of competing interests," there was no prejudice, and there was no need for a substitute counsel. RCM 1106(f)(2).

The record before us in this case discloses that defense counsel was not aware of appellant's letter when he responded to the SJA's recommendation. Thus, appellant was afforded conflict-free counsel.

This case is distinguishable from *United States v. Leaver*, 36 MJ 133 (CMA 1992). Leaver requested in writing that his trial defense counsel be discharged from his duties. After trial defense counsel unsuccessfully corresponded with Leaver, counsel notified the staff judge advocate that he "was not comfortable at being reassigned . . . [and] felt that [Leaver] should be assigned another attorney. . . ." *Id.* at 135. Even though this counsel had been discharged, the SJA in a "logical *non sequitur*" then appointed the same individual as appellant's substitute counsel. *Id.* In effect Leaver was left without conflict-free counsel to assist him in his post-trial submissions. This is not so as to Carter.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.

GIERKE, Judge, with whom WISS, Judge, joins (concurring in part and dissenting in part):

I agree with the majority's disposition of Issue I. With respect to Issue II, I agree that defense counsel was conflict-free and that the staff judge advocate erred, but I disagree with the majority's implicit holding that the staff judge advocate's error was not prejudicial.

Although appellant did not expressly state that he desired to "fire" his detailed counsel, it is clear that appellant and detailed defense counsel were estranged. The degree of estrangement is unknown because of the staff judge advocate's error. The post-trial submissions indicate a lack of meaningful communication between appellant and detailed defense counsel. Although appellant asserted his innocence in his letter to the convening authority, detailed defense counsel limited his submission to a request for clemency, with no mention of appellant's assertions of innocence.

Under the circumstances, I believe that we have no choice but to treat this case as analogous to *United States v. Leaver*, 36 MJ 133 (CMA 1992), which also involved an accused who did not believe that detailed defense counsel could properly represent him. I would return this case for a new post-trial recommendation and convening authority's action.