UNITED STATES, Appellee

v.

Rayford L. CORNELIOUS, Senior
Airman, U.S. Air Force,
Appellant.

No. 93–1170.
CMR No. 29537.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 11, 1994.

Decided Feb. 28, 1995.

For Appellant: *Lieutenant Colonel Joseph
L. Heimann* (argued); *Colonel Jay L. Cohen*
and *Captain Eric N. Eklund* (on brief).

For Appellee: *Captain Timothy G. Bux-
ton* (argued); *Colonel Jeffery T. Infelise* and
*Captain Jane M.E. Peterson* (on brief); *Ma-
jor John H. Kongable.*

*Opinion of the Court*

CRAWFORD, Judge:

1. Contrary to his pleas, appellant was
convicted of larceny (6 specifications), for-
gery (2 specifications), and false swearing, in
violation of Articles 121, 123, and 134, Uni-
form Code of Military Justice, 10 USC
§§ 921, 923, and 934, respectively. The con-
vening authority approved the sentence of a
bad-conduct discharge, confinement for 1
year, partial forfeitures, and reduction to the
lowest enlisted grade. The Court of Military
Review * affirmed the findings and sentence.
We granted review on the following issue:

WHETHER THE CONVENING AU-
THORITY'S FAILURE TO ENSURE
THAT APPELLANT WAS REPRE-
SENTED BY SUBSTITUTE COUNSEL
FOR PURPOSES OF SUBMISSION OF
POST–TRIAL MATTERS AFTER AP-
PELLANT ASSERTED THAT HIS DE-
FENSE COUNSEL'S REPRESENTA-
TION AT TRIAL WAS INEFFECTIVE
OPERATED TO THE SUBSTANTIAL
PREJUDICE OF APPELLANT.

FACTS

2. As required, both appellant and his
defense counsel were served with copies of
the staff judge advocate (SJA)'s recommen-
dation. Defense counsel's submission in re-

* *See* 41 MJ 213, 229 n. * (1994).

**398**

ply included a request for clemency by the defense plus eight statements, including one from appellant.

3. The SJA's addendum to the recommendation summarizes appellant's statement as follows:

* * *

[ (5) ] SrA [Senior Airman] Rayford. Cornelious' statement asserts that his sentence was "lenient." He nevertheless asserts that he might not have been found guilty except for the improper conduct of the OSI [Office of Special Investigations], the judge, the prosecution and his defense counsel. In addition, he indicates his desire to get on with his life, and emphasizes the difficulties his wife is having raising their infant son alone and without his emotional and financial support.

[ (6) ] In his statement SrA Cornelious alleges that:

a. Throughout the investigation and trial the government withheld information from the defense. None of the incidents which he cites show that information was withheld; they show only the normal delays in getting documents to the defense.

b. The prosecution failed to call certain witnesses which would have helped his cause. In this matter it should be noted that the defense could have called those witnesses, but did not.

c. The cashiers were not investigated by the OSI nor called to appear in court. Apparently he feels that this was an attempt to hide the truth. There is no reason to question the thoroughness and propriety of the investigation or question the prosecution's choice of witnesses.

d. "There were forms of evidence withheld on the part of the defense. Alibi evidence .... "; apparently implying that his defense counsel improperly handled his case. The record indicates a thorough, professionally handled defense. Any tactical decisions by the defense counsel concerning what evidence to present to the members were her's [sic] to make and nothing in SrA Cornelious' statement leads me to question her judgment.

## DISCUSSION

4. This case was pending review at the time *United States v. Carter,* 40 MJ 102 (CMA 1994), was decided. *Cf. Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In *Carter* this Court held that an SJA who is "aware of a potential conflict" should notify defense counsel of the accused's apparent dissatisfaction. 40 MJ at 105 ¶ 24. Unlike defense counsel in *Carter,* here we presume defense counsel knew or should have known about appellant's statements of dissatisfaction with his representation made in his letter which defense counsel attached to the request for clemency. Once defense counsel becomes aware of these allegations,

counsel should advise the client as to the consequences of the termination of the relationship, *see, e.g., United States v. Gray,* 39 MJ 351 (CMA 1993), and determine if the client wants to discharge the attorney or is merely making the allegation out of frustration. ABA Model Rules of Professional Conduct Rule 1.16, Comment (1983). *Cf. United States v. Gray, supra* (order concerning continuity of counsel); *United States v. Palenius,* 2 MJ 86 (CMA 1977).

If it is determined that counsel has been appropriately discharged, counsel should notify the appropriate authority and no longer act on appellant's behalf. If appellant and his counsel are able to resolve that issue, then there could be continued representation by the same counsel. . . .

40 MJ at 105 ¶¶ 25–26.

5. Based upon the record before us we are unable to conclude that defense counsel was "mentally free of competing interests." *Id.* ¶ 27. We do not know whether defense counsel advised appellant pursuant to *Carter* and Rule 1.16, Air Force Rules of Professional Responsibility, TJAG Policy Letter 26 at 12–13 (22 Oct 1992), and whether defense counsel and appellant resolved the potential conflict raised by appellant. Accordingly, further proceedings by the court below are required for the limited purpose of considering the granted issue in light of our decision in *Carter* and, if necessary, for further action

pursuant to *United States v. Smith,* 36 MJ 455 (CMA 1993). *Cf. Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for action consistent with this opinion.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.