Chief Judge BAKER
delivered the opinion of the Court.
A military panel composed of officers and enlisted members sitting as a general court-martial convicted Appellant, contrary to his pleas, of giving a false official statement and aggravated assault by a means likely to cause death or grievous bodily harm, in violation of Articles 107 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 928 (2006). The adjudged and approved sentence included confinement for six months and a bad-conduct discharge. On review, the United States Army Court of Criminal Appeals affirmed the findings and the sentence. United States v. Clifton, No. ARMY 20091092, 2012 CCA LEXIS 139, at *9-*10, 2012 WL 1405727, at *3 (A.Ct.Crim.App. Apr. 23, 2012).
On Appellant’s petition, we granted review of the following issue:
WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED WHEN IT DETERMINED THE MILITARY JUDGE COMMITTED ERROR BY DENYING A PANEL MEMBER’S REQUEST TO CALL ADDITIONAL WITNESSES FOR QUESTIONING, BUT FOUND THE ERROR TO BE HARMLESS.
For the reasons set forth below, and assuming forfeiture rather than waiver, we conclude that the military judge erred, but that the error was not prejudicial.

BACKGROUND

Appellant was accused of injuring his two-month-old daughter K, who had skull, clavicle, and rib fractures consistent with child abuse. The Government’s witnesses included Appellant’s wife and Dr. Thomas Ellwood, a medical expert. During the trial, Appellant’s wife testified at length; her testimony spanned over fifty pages of the record. Dr. Ellwood also testified at length; his testimony spanned about forty pages.
During the cross-examination of Appellant’s wife, defense counsel elicited testimony to suggest that Appellant’s wife had committed the child abuse. Defense counsel attempted to show that Appellant’s wife had unique access to her daughter and implied that it was suspicious that Appellant’s wife had not noticed K’s injuries before. For example, defense counsel asked, “[Y]ou never noticed that [K] had any kind of sickness?” and “How many times per day did you see her rib cage?” Defense counsel also asked, “And you never once saw a bruise on [K’s] body?” In addition, defense counsel asked, “Shortly after [K] was put in the hospital you had a conversation with [Appellant] on one occasion ... [and] [y]ou told [him] that you thought it might be a good idea if one of you confessed?”
During the cross-examination of Dr. Ell-wood, defense counsel asked whether Appellant and his wife “show[ed] any signs of aggressiveness or anything like aggressiveness.” Defense counsel also asked whether K’s femur fracture was consistent with child abuse. The femur fracture was an older injury that Appellant’s wife said she may have caused when “stumbling” while holding *491 K or one that Appellant may have caused when “he was changing one of [K’s] diapers or playing [with her].”
The members submitted twenty-three pages of questions during the presentation of evidence, comprising thirty-two separate questions. Of those, Master Sergeant (MSG) H submitted five pages of questions comprising seven questions. Trial counsel and defense counsel lodged an objection to one page of questions. No objections were lodged against any of MSG H’s questions.
In his closing argument, defense counsel argued that “the only time at which any child could have been hurt that badly and not have the other parent notice” was when Appellant’s wife was alone with her children. He further argued, “[Appellant’s wife] got angry, got frustrated and she squeezed [K’s] ribs and caused that damage.”
After closing arguments by both counsel and instructions on findings by the military judge, but before the members closed to deliberate, a panel member, MSG H, asked the military judge if it was “too late to recall two of the witnesses” because he had “two questions.” MSG H stated the first witness he wanted to recall was “[e]ither Dr. Ellwood or one of the other doctors.” The second witness MSG H wanted to recall was Appellant’s wife.
The military judge did not ask MSG H what questions he wanted to ask each of the witnesses. The military judge immediately disapproved MSG H’s request because the medical doctors had “been permanently excused.” In response to MSG H’s request to recall Appellant’s wife, while not finding her to have been permanently excused, the military judge immediately disapproved the request because “we have closed all the evidence.” The military judge asked both counsel whether they had an objection to his response to MSG H’s request to recall these witnesses. Both counsel stated that they had no objection.

DISCUSSION

Article 46, UCMJ, 10 U.S.C. § 846 (2006), gives panel members the “opportunity to obtain witnesses and other evidence.” Under for “[m]embers may request that the court-martial be reopened and that ... additional evidence [be] introduced. The military judge, may, in the exercise of discretion, grant such request.” In addition, Military Rule of Evidence (M.R.E.) 614(a) allows members to request to call or recall witnesses to testify at a court-martial.
Ordinarily, where defense counsel affirmatively responds “no objection” to a military judge’s denial of a panel member’s request to call additional witnesses for questioning, we would consider whether an appellant waived the issue. In this case, we need not reach the issue of waiver because, even assuming that Appellant merely forfeited the issue, we conclude that he failed to carry his burden to show prejudice under a plain error analysis.
Under a plain error analysis, this Court will grant relief in a case of nonconstitutional error only if an appellant can demonstrate that (1) there was error; (2) the error was plain and obvious; and (3) the error materially prejudiced a substantial right of the accused. United States v. Powell, 49 M.J. 460, 464-65 (C.A.A.F.1998).
I. Whether there was error and whether it was plain or obvious
This Court reviews a military judge’s denial of a panel member’s request to recall a witness for abuse of discretion. United States v. Carter, 40 M.J. 102, 104 (C.M.A.1994); United States v. Rogers, 14 USCMA 570, 581, 34 C.M.R. 350, 361 (1964). A military judge may not summarily deny a member’s request to recall witnesses for further questioning. United States v. Lampani, 14 M.J. 22, 26 (C.M.A.1982). In light of Article 46, UCMJ, R.C.M. 921(b), M.R.E. 614(a), and Lampani, 14 M.J. 22, some analysis on the record is required. Rather than summarily approving or denying such a request, a military judge must consider factors such as “[d]iffieulty in obtaining witnesses and concomitant delay; the materiality of the testimony that a witness could produce; the likelihood that the testimony sought might be ... privilege^]; and the objections of the *492 parties to reopening the evidence” before ruling. Lampani, 14 M.J. at 26.
Here, while the military judge gave both parties the opportunity to object, arguably meeting the fourth Lampani factor, the military judge did not perform an analysis of the other three Lampani factors before summarily denying the member’s request. Moreover, without knowing the nature of MSG H’s questions, it was not possible to ascertain the materiality of the testimony that the recalled witnesses could have provided.[1]
Furthermore, the reasons the military judge stated for denying the member’s request were unsupported by the relevant legal principles. The military judge denied the request to recall a medical doctor because they had been “permanently excused.” The reason is not supported by law because an excused witness can be recalled. Lampani, 14 M.J. at 26. The military judge denied the request to recall Appellant’s wife because the evidence had been “closed.” This reason for denying the request is also unsupported by law. A plain reading of R.C.M. 921(b) confirms that witnesses can be recalled after presentation of evidence has concluded. R.C.M. 921(b) states that “[mjembers may request that the court-martial be reopened and that ... additional evidence [be] introduced” following a military judge’s discretionary ruling on the matter.
As a result, we conclude that the military judge’s summary denial of the member’s request was error. This was plain and obvious error in light of Lampani as well as Article 46, UCMJ, R.C.M. 921(b), and M.R.E. 614(a).
II. Whether the error was materially prejudicial
During closing arguments, the defense counsel argued that Appellant’s wife&emdash; not Appellant&emdash;caused K’s injuries. On review, the Army Court of Criminal Appeals held that the military judge’s error was not prejudicial, in part, because defense counsel did not object to the military judge’s ruling and because any further questioning of Appellant’s wife and Dr. Ellwood or another medical doctor—Government witnesses—would have likely elicited unfavorable testimony. Clifton, 2012 CCA LEXIS 139, at *5-*8, 2012 WL 1405727, at *2-*3.
We find it unnecessary to speculate whether defense counsel’s response that he had no objection was for tactical reasons.[2] Because the military judge did not inquire into the nature of MSG H’s proposed questions, we cannot, with certainty, determine whether the questions would have elicited testimony favorable or unfavorable to the defense. Moreover, there are viable reasons why defense counsel might wish to reexamine a favorable or an unfavorable witness, as well as sound reasons why he or she would not want to do so.
Nonetheless, there was no prejudice to Appellant. Keeping in mind that Appellant bore the burden to show prejudice in the absence of an objection at trial and in the context of a nonconstitutional error, Powell, 49 M.J. at 464-65, he failed to meet his burden for two reasons. First, Appellant’s conviction is supported by overwhelming evidence. At trial, the Government introduced Appellant’s written confession that he squeezed his daughter “pretty hard because I remember her arms lifting up on their own.” In addition, both witnesses that the *493 member wished to recall — Appellant’s wife and Dr. Ellwood — had already testified extensively.
Second, the members had opportunity to ask questions, and did. Thus, this is not a case where the purposes of Article 46, UCMJ, R.C.M. 921(b), and M.R.E. 614(a), were ignored or defeated. To the contrary, the military judge exercised his discretion and allowed members to ask some, but not all, questions, and entertained some, but not all, requests to recall witnesses. As a result, Appellant was not prejudiced by the absence of the members’ opportunity to reasonably test and evaluate the evidence presented.

DECISION

For the foregoing reasons, the decision of the United States Army Court of Criminal Appeals is affirmed.

. Although the military judge committed error by not analyzing three of the four Lampani factors, we recognize that Lampani does not provide an exhaustive list of factors to weigh. In a case such as this, it would have been appropriate for the military judge to have considered, among other things, whether the members had already been given an opportunity to ask the witnesses questions. The military judge may well have considered this factor, in light of the multiple questions already asked; however, the record does not indicate this analysis.

. In Lampani, this Court found that the defense counsel's silence with regard to a military judge's denial of a request to recall witnesses was intended to prevent the members from "hear[ing] ... evidence that might fill gaps in the Government’s evidence” on the charges. 14 M.J. at 27. As a result, this Court in Lampani concluded that the defense counsel was silent for tactical reasons and that the lost opportunity to recall witnesses was therefore nonprejudicial. Id.