# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ANTHONY P. MITCHELL**
**United States Army, Appellant**

ARMY 20130626

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Lieutenant Colonel Sebastian A. Edwards, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

25 July 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of six specifications of assault consummated by battery in violation of Article 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 928 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant asks us to set aside the convening authority's action because the staff judge advocate (SJA) failed to comment on a legal error raised by appellant in his post-trial matters. *See* Rule for Courts-Martial [hereinafter R.C.M.] 1106(d)(4); *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988). Citing *Hill*, the government argues appellant was not prejudiced because even if the SJA had commented on the allegation of legal error, it would not foreseeably have led to a favorable SJA recommendation or

corrective action by the convening authority. 27 M.J. at 297. However, the government nonetheless asks us to set aside the convening authority's action because "it is not clear from the record that appellant received assistance during the post-trial phase [of his court-martial] from a conflict-free counsel." Reviewing the entire record, to include the parties' arguments, we agree that a new review and action is warranted.

Appellant's R.C.M. 1105 matters were submitted to the convening authority by the civilian defense counsel who represented appellant at trial. Included in the post-trial matters was a letter written by appellant alleging he received deficient representation from this civilian defense counsel before, during, and after his court-martial. Appellant also stated in the letter that he "will be on [his] third [Trial Defense Services (TDS)] lawyer" because his TDS attorneys continued to "transfer[] out." The civilian defense counsel referenced appellant's letter in the R.C.M. 1105 matters and stated: "[appellant] requests that the Convening Authority review his representation and take that into account." The addendum to the SJA's recommendation does not make any mention of appellant's allegation of deficient representation. Finally, we note that in matters appellant personally submitted to this court pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), he raised the issue of his civilian defense counsel's ineffectiveness before and during trial.

Military accused have a fundamental right to effective assistance of counsel after trial. *United States v. Knight*, 53 M.J. 340, 342 (C.A.A.F. 2000). "This right to the effective assistance of counsel means the right to effective assistance of conflict-free counsel." *United States v. Carter*, 40 M.J. 102, 105 (C.M.A. 1994).

We accept the government's concession that based on the record before us, we are unable to conclude whether appellant's defense counsel was "mentally free of competing interests." *See United States v. Cornelious*, 41 M.J. 397, 398 (C.A.A.F. 1995) (quoting *Carter*, 40 M.J. at 105). In light of this ambiguity, the SJA's failure to comment on appellant's allegation of legal error in the addendum, and appellant's renewed allegations of deficient performance by his civilian defense counsel in *Grostefon*, a new review and action is appropriate.

The action of the convening authority dated 13 November 2013 is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court