# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, SALADINO, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant (E-6) EVERALD S. ALLEN**
**United States Army, Appellant**

ARMY 20130521

Headquarters, XVIII Airborne Corps and Fort Bragg
David H. Robertson, Military Judge
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant: Mr. C. Ed Massey, Esquire (argued); Captain Michael J. Millios, JA; Mr. C. Ed Massey, Esquire (on brief); Captain Michael J. Millios, JA; Mr. C. Ed Massey, Esquire (on supplemental brief); Captain James D. Hammond, JA; Mr. C. Ed Massey, Esquire (on reply brief).

For Appellee: Captain Christopher A. Clausen, JA (argued); Major A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

28 March 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALADINO, Judge:

A panel with enlisted representation sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of aggravated sexual assault, one specification of abusive sexual contact, and one specification of obstruction of justice, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920 and 934. (2006 and Supp. V).[1]  The panel sentenced appellant to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and

---

[1] The panel found appellant not guilty, in accordance with his pleas, of one specification of rape and one specification of aggravated sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2006 and Supp. V).

reduction to E-1.  The convening authority approved the findings and sentence as adjudged.

Appellant raises five assignments of error.  One assignment of error merits discussion but no relief.  We hold that the military judge did not commit plain error by answering in the negative a panel request to "have a copy of the court transcripts to review in the deliberation room."  Accordingly, we affirm the findings and sentence.

**FACTS**

Appellant stands convicted of sexually assaulting a fellow soldier in April 2012 and obstructing justice in July 2010.  After both sides completed presenting their evidence and rested, the military judge gave instructions and the panel heard closing arguments.  During the members' deliberations the panel returned to the courtroom to inquire of the military judge whether the members could obtain a copy of the entire transcript to take back with them to the deliberation room. The following colloquy ensued:

> MJ: Colonel Church [Panel President], it's the Court's understanding that the members have a question.
>
> PRES: Yes, Your Honor.
>
> MJ: And the question is?
>
> PRES: The question is can we have a copy of the court transcripts to review in the deliberation room?
>
> MJ: The answer to that question is no.  Taking a transcript of a witness' testimony and allowing that to go back into the deliberation room would be like allowing an individual witness to follow you into the deliberation room and be able to testify to you again there in the deliberation room. So does that answer your question?
>
> [Pause]
>
> MJ: And I'll give you another instruction.  Recall the instruction I gave you is that as to reasonable doubt that extends to every element of each offense although not to each particular fact advanced by the prosecution which does not amount to an element.  So, when you all discuss

the case, you do not have to come to a perfect agreement on what each fact was or what each witness stated. That's part of the discussion. And then you can take your vote.

PRES: All right, Your Honor. May any of the other panel members speak?

MJ: Who needs to speak, and what is it in reference to?

PRES: Your Honor, unfortunately, I don't recall the specific question that generated the request for the court transcripts. I know it dealt with one of the testimonies [sic] and rather than just having us ask for that one particular transcript, we asked for the entire court record.

MJ: You cannot have the entire court record. As I stated, you may use your recollection of what evidence was presented here in court. You may use your notes, although you may not show them to other members. I encourage you to go back and discuss those matters amongst yourselves and this additional instruction I gave you. If that is still not satisfactory, then you may then come in and let this Court know. There are other procedures where testimony could be either replayed or reread—specific portions of testimony. Although that is a procedure not easily done and will result in delay in this trial. However, if you all feel it is absolutely necessary for your resolution of the charges in this case, let the Court know.

PRES: Yes, Your Honor.

MJ: The Court is closed.

Neither party objected to the military judge's ruling, nor asked for additional information. The military judge then entered into an Article 39(a), UCMJ, session wherein he and counsel for both sides discussed how to proceed should the members return to the courtroom with a request to replay certain testimony. After approximately two more hours of deliberation, the members returned to the courtroom to announce they had reached a verdict:

MJ: Colonel Church, has the jury reached findings?

PRES: Yes, Your Honor.

3

> MJ: I take it that since you did not request to come back into court and have any of the testimony replayed that the Court's previous instructions resolved the issue and the jury was able to resolve it without the need for that?
>
> PRES: Correct, Your Honor.

The defense post-trial submissions and its oral argument before this court emphasizes the tone of the military judge's language, characterizing it as having a squelching effect on the panel's desires to rehear the testimony of witnesses after the close of the evidence. The defense also argues the military judge's ruling to disallow the testimony transcripts served to eliminate the panel's ability to receive the information it desired in order to reach a verdict.

## LAW AND DISCUSSION

### A. Standard of Review

We review for plain error the military judge's denial of the panel members' request for testimony from additional witnesses. *United States v. Lampani*, 14 M.J. 22, 25 (C.M.A. 1982). Generally speaking, this court reviews a military judge's denial of a panel member's request to recall a witness or replay a witness's testimony for abuse of discretion. *United States v. Clifton,* 71 M.J. 489, 491 (C.A.A.F. 2013); *United States v. Rios*, 64 M.J. 566, 569 (Army Ct. Crim. App. 2007). However, absent an objection from defense counsel at trial, we review the military judge's instructions to the panel for plain error in the context of non-constitutional error. *Clifton,* 71 M.J. at 491. "Under a plain error analysis, this Court will grant relief in a case of non-constitutional error only if an appellant can demonstrate that (1) there was error; (2) the error was plain and obvious; and (3) the error materially prejudiced a substantial right of the accused." *Id.* (citing *United States v. Powell*, 49 M.J. 460, 464-65 (C.A.A.F. 1998)).

### B. The Members' Right to Request that the Court-Martial be Reopened and Portions of the Record be Read to Them

The members are "at liberty to request that witnesses be called or recalled or to have testimony reread by the court reporter . . . ." *United States v. Lampani*, 14 M.J. 22*,* 26 (C.M.A. 1982). "Moreover, our precedents make clear that, even after the court members have begun their deliberations, they may seek additional evidence." *Id*. at 25 (citations omitted). The ability of the members to request evidence derives from Article 46, UCMJ, which states in pertinent part "[t]he trial counsel, the defense counsel, *and the court-martial* shall have equal opportunity to

4

obtain witnesses and other evidence in accordance with such regulations as the President may prescribe." UCMJ art. 46 (emphasis added); *see United States v. Martinsmith*, 41 M.J. 343, 347 (C.A.A.F. 1995). Rule for Courts-Martial [hereinafter R.C.M.] 921(b) also permits the members to "request that the court-martial be reopened and that portions of the record be read to them or additional evidence introduced. The military judge may, in the exercise of discretion, grant such request." *See Rios*, 64 M.J. at 568 (holding that the military judge abused his discretion by summarily denying the members' request to rehear the testimony of two witnesses). Rule for Courts-Martial 801(c) contains a similar provision and states "[t]he court-martial may act to obtain evidence in addition to that presented by the parties. The right of the members to have additional evidence obtained is subject to an interlocutory ruling by the military judge."[2] Finally, the Military Rules of Evidence also contain a provision reiterating the members' ability to call and interrogate witnesses. *See* Mil. R. Evid. 614(a).[3]

While the military judge may properly exercise his discretion and deny a member's request for additional evidence, our superior court has set forth a non-exclusive list of factors the judge must consider prior to doing so:

> Difficulty in obtaining witnesses and concomitant delay; the materiality of the testimony that a witness could produce; the likelihood that the testimony sought might be subject to a claim of privilege; and the objections of the

---

[2] The discussion to R.C.M. 801(c) notes:

> The members may request and the military judge may require that a witness be recalled, or that a new witness be summoned, or other evidence produced. The members or military judge may direct trial counsel to make an inquiry along certain lines to discover and produce additional evidence.

[3] Military Rule of Evidence 614(a) states:

> The military judge may, *sua sponte*, or at the request of the members or the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called. When the members wish to call or recall a witness, the military judge shall determine whether it is appropriate to do so under these rules or this Manual.

> parties to reopening the evidence are among the factors the trial judge must consider.

*Lampani*, 14 M.J. at 26.

Here the military judge received a request to provide a copy of the transcript of the testimony of the entire proceedings. Notwithstanding there was no physical transcript to produce as the trial was ongoing, the request to have the testimony reduced to writing and delivered to the members was met by an appropriate response from the military judge. *See* R.C.M. 921(b) (only those items admitted into evidence may be taken with the panel members to the deliberation room). The military judge then reiterated the reasonable doubt standard. Further, he explained it was permissible not to come to a perfect agreement on what each fact was or what each witness stated, and why. He explained the instructions he had given anticipated situations wherein members may not completely agree about facts in the case, but they may still agree upon a verdict.

Because the panel made no additional request for replaying specific testimony of one or more witnesses, the military judge did not analyze any of the factors set forth in *Lampani*, but did in fact mention delay as a factor to consider when requesting the playback of testimony. "[C]learly, a military judge cannot exercise his discretion in an informed manner without obtaining some indication from the court members as to the witnesses whom they desire to call." *Lampani,* 14 M.J. at 26. A plain reading of the UCMJ, the Rules for Courts-Martial, the Military Rules of Evidence, and repeated holdings in case law reveals that in order for a military judge to be found to have committed error, he must first summarily dismiss the reasonable requests of the members, without any thoughtful reasoned analysis based upon the law. *Rios*, 64 M.J. at 569. Here that simply did not happen.

The record reveals that the military judge sought to clarify the difference between having transcripts in the deliberation room and the ability for the panel to rehear specific testimony in the courtroom if that testimony would aid in their deliberations. This case is distinguished from the holdings in cases cited by appellate defense counsel for the proposition that the judge erred in summarily dismissing panel members' request for additional witnesses or the replaying of testimony. *Id*. Had he done so, this court may have reached a different conclusion. Without such conduct, we do not find error. *Rios*, 64 M.J. at 569; *see also Lampani*, 14 M.J. at 26 (holding that the court members "were at liberty to request that witnesses be called or recalled or to have testimony reread by the court reporter even though they had commenced their deliberations [, and,] to the extent that the military judge indicated to the contrary, he was wrong."); *United States v. Lents*, 32 M.J. 636, 638 (A.C.M.R. 1991) (military judge abused his discretion by summarily denying the members request for additional evidence).

Moreover, the defense did not object to the military judge's denial of the member's general request to have a copy of the entire transcript brought back with them into the deliberation room, nor did the defense seek to clarify the witness requested or evidence sought. *See Lampani*, 14 M.J. at 27. "While we do not equate this silence with a waiver of appellant's right to have the court correctly instructed by the judge," we can infer, as the court did in *Lampani*, that this failure was consistent with the defense strategy at trial. *Id*. "Whether defense counsel realized that the judge had erred . . . he obviously perceived that his advice had not prejudiced his client and we reach the same conclusion." *Id*. Having found no error, we do not reach the issue of prejudice to the appellant.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

7